BAUGHN, Appellant,

v.

**CITY OF REYNOLDSBURG et al., Appellees.**

[Cite as *Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1470.

Decided May 12, 1992.

---

*Cloppert, Portman, Sauter, Latanick & Foley* and *William J. Steele,* for appellant.

*Matan & Smith* and *James D. Colner,* for appellees.

---

TYACK, Judge.

On May 1, 1991, Steve Baughn filed a complaint in the court of common pleas seeking a declaratory judgment, a writ of mandamus and compensatory

damages because of alleged factual inaccuracies in what was to be a personal information system pursuant to R.C. 1347.01 *et seq.* Baughn, who is a police officer in Reynoldsburg, named the city of Reynoldsburg, its mayor, its safety director and its chief of police as defendants. Following service of process, an answer was filed by all the named defendants on June 21, 1991. The record does not indicate that any discovery was conducted prior to the filing of the motion for summary judgment.

Baughn filed a memorandum in response to the motion, asking that the motion be overruled or held in abeyance until limited discovery could be pursued. Appended to the memorandum was an unsigned affidavit and some documents which purported to be part of a "Reynoldsburg Investigation" by the "PICA Corporation." A signed copy of the affidavit was later allowed to be substituted for the unsigned one.

The trial court granted the motion for summary judgment, without specifically addressing the request in regard to pursuit of discovery.

Officer Baughn (hereinafter "appellant") has timely appealed, assigning a single error for our consideration:

"The court below erred in determining that the Ohio Personal Information System statutes, Ohio Revised Code Section 1347.01 *et seq.*, are not applicable to the 'PICA Report' because said document was not a part of the record and thus not reviewed by the court below."

The essence of the assignment of error is that the trial court ruled the "PICA report" to fall outside R.C. 1347.01 *et seq.* without ever seeing or reviewing the report except for the three pages which were appended to appellant's affidavit. Instead, the trial court ruled the report fell outside the statutory definitions based upon affidavits filed by the mayor of Reynoldsburg and the police chief, which indicated that the PICA report was generated as part of an investigation into alleged improprieties in Reynoldsburg. The affidavits alleged that the PICA report was turned over to the office of the Franklin County Prosecuting Attorney but that no criminal charges were pursued.

R.C. 1347.01(E) defines "personal information" as follows:

" 'Personal information' means any information that describes anything about a person, or indicates actions done by or to a person, or indicates that a person possesses certain personal characteristics, and that contains, and can be retrieved from a system by, a name, identifying number, symbol, or other identifier assigned to a person."

R.C. 1347.01(F) defines "system" as follows:

" 'System' means any collection or group of related records that are kept in an organized manner and are under the control of a state or local agency from which information is retrieved by the name of the person or by some identifying number, symbol, or other identifying particular assigned to the person. 'System' includes both records that are manually maintained and records that are stored using electronic data processing equipment. 'System' does not include collected archival records in the custody of or administered under the authority of the Ohio historical society, published directories, reference materials or newsletters, or routine information maintained for the purpose of internal office administration, the use of which would not adversely affect a person."

R.C. 1347.10(A) sets forth remedies in damages for "[a] person harmed by the use of personal information relating to him that is maintained in a personal information system * * *." The affidavit of appellant does not allege that he has been harmed by the PICA report, but only that copies of the report have been made available to the news media and to certain employees of the city of Reynoldsburg. While the pages of the report appended to appellant's affidavit include allegations that are significantly less than laudatory, there is no indication that the allegations have actually harmed appellant so that he can seek relief pursuant to R.C. 1347.10(A).

R.C. 1347.10(B) sets forth the potential for injunctive relief as follows:

"Any person or state or local agency that violates or proposes to violate any provision of Chapter 1347. of the Revised Code may be enjoined by any court of competent jurisdiction. The court may issue an order or make a judgment as may be necessary to prevent the use of any practice that violates Chapter 1347. of the Revised Code. An action for an injunction may be prosecuted by the person who is the subject of the violation, by the attorney general, or by any prosecuting attorney."

No evidence before the trial court established that the city of Reynoldsburg violated or proposes to violate R.C. 1347.01 *et seq.* The evidentiary materials presented by or on behalf of appellant were meant to be a response to the information provided by and on behalf of the defendants. However, since *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, was decided, the duty of a party resisting a motion for summary judgment is more than resisting the allegations in the motion. The party must proceed to demonstrate affirmatively the facts which would entitle that party to relief. Thus, paragraph three of the syllabus in *Wing* provides:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. * * *" (Citation omitted.)

Since the record does not reveal such an affirmative demonstration, the trial court did not err in granting summary judgment. The assignment of error is overruled and, accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, P.J., and McCORMAC, J., concur.