MILLER, Appellant,

v.

LEESBURG et al., Appellees.

HUNT et al., Appellants,

v.

LEESBURG et al., Appellees.

[Cite as *Miller v. Leesburg* (1993), 87 Ohio App.3d 171.]

Court of Appeals of Ohio,
Franklin County.

Nos. 92AP–1637, 92AP–1641.

Decided April 13, 1993.

172

*DeLibera, Lyons, Moore & Colley, John A. Yaklevich* and *W. Jeffrey Moore,* for appellants.

*Matan & Smith* and *Steven Lee Smith,* for appellees city of Worthington and Worthington Division of Police.

*Ronald J. O'Brien,* City Attorney, and *David M. Buchman,* for appellee city of Columbus.

---

CLOSE, Judge.

Plaintiffs-appellants, Gregory L. Miller, Terry S. Hunt and Marie C. Hunt, appeal the summary judgment granted in favor of defendants-appellees, city of Worthington and Worthington Division of Police.

Appellants, Gregory Miller and Terry Hunt, were involved in an altercation with an off-duty Columbus police officer, Jeffrey Leesburg. A verbal and physical interchange escalated to the point where all parties sustained injuries. This incident occurred in Worthington at approximately 1:00 a.m. Of significance

were the injuries of Leesburg and Miller. Miller's automobile struck Leesburg, causing him to suffer a broken leg. Leesburg shot fifteen rounds at Miller's car. One of the bullets lodged in Miller's shoulder.

Hunt drove Miller to the Ohio State University Hospital for treatment around 2:00 a.m. Shortly after their arrival, the Columbus police arrived. At approximately 2:30 a.m., Hunt was taken into custody and placed in a Columbus police wagon. The Worthington police arrived around 3:30 a.m. and thereafter assumed responsibility for the investigation. Hunt was transferred to the Worthington Police Department, interviewed at approximately 5:30 a.m., and subsequently released. Hunt initiated this action, alleging false imprisonment and violation of Section 1983, Title 42, U.S.Code, for depriving him of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Miller brought suit, alleging that the Worthington police had falsely imprisoned him by placing him under "guard" at the hospital. In addition, he claims that the Worthington police conspired with Leesburg to present misleading evidence to the Franklin County Grand Jury in order to secure a felony indictment against Miller. This is the basis of Miller's claim of malicious prosecution. The grand jury indicted Miller on two counts of felonious assault. At trial, Miller was acquitted of both counts. When Miller sued appellees, he also alleged a claim for intentional infliction of emotional distress and violation of Sections 1983 and 1985, Title 42, U.S.Code, for depriving him of his rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Appellees moved for summary judgment, which the trial court granted upon finding immunity under R.C. Chapter 2744, no evidence of an official policy permitting a constitutional violation, and failure to plead the requirements of Section 1985, Title 42, U.S.Code.

Appellants' appeals have been consolidated; their assignments of error are as follows:

"1. The trial court erred in sustaining appellee city of Worthington's motion for summary judgment with respect to plaintiff-appellants' false arrest, malicious prosecution, conspiracy and intentional infliction of serious emotional distress claims.

"2. The trial court erred in sustaining appellee city of Worthington's motion for summary judgment as to plaintiff-appellants' Title 42 U.S.C.A. 1983 claims.

"3. The trial court erred in sustaining defendant-appellee Worthington's motion for summary judgment as to plaintiff-appellants' 42 U.S.C. § 1985 claims."

The standard of review for this appeal is dictated by Civ.R. 56(C), which provides, in pertinent part:

" ' * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * ' " *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 103, 590 N.E.2d 421, 424.

More recently, the Ohio Supreme Court has held that:

"A motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial. * * *" *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

We have previously adopted the rationale in *Wing* and held that "the duty of a party resisting a motion for summary judgment is more than resisting the allegations in the motion." *Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561, 563, 605 N.E.2d 478, 480. Appellants, therefore, must demonstrate affirmatively the facts which would entitle them to relief. *Id.*

With respect to appellants' first assignment of error, appellees are entitled to judgment as a matter of law by virtue of R.C. 2744.01 to 2744.03. Appellants allege that the trial court erroneously found appellees to be absolutely immune under R.C. 2744.02. R.C. 2744.02(A)(1) provides blanket immunity for municipalities in the performance of governmental functions. *Rahn v. Whitehall* (1989), 62 Ohio App.3d 62, 66, 574 N.E.2d 567, 569. "Governmental function" includes police services. R.C. 2744.01(C)(2)(a). This absolute immunity is subject only to the exceptions listed in R.C. 2744.02(B). As appellants correctly pointed out, R.C. 2744.02(B) incorporates R.C. 2744.03 and, thus, gives appellees qualified immunity.

The qualified-immunity provisions of R.C. 2744.03(A)(5), as relevant here, shield appellees from liability under the following conditions:

"The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, *unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.*" (Emphasis added.)

A search of the record does not reveal any evidence suggesting malice, bad faith, wanton conduct or recklessness. Appellants allege that appellees had an improper ulterior motive to indict Miller in order to justify Leesburg's actions. Appellants' exhibits supporting this argument are an attempt to create inferences but fail to do so. Appellants claim that appellees had the intent to indict Miller

from the onset of the investigation. This is based upon the fact that, within three days of the incident, Officer Stevens stated her intent to present evidence to the grand jury for purposes of indictment for felonious assault of a police officer. Appellants also claimed that Officer Stevens presented Leesburg's second, more favorable, version of the facts to the grand jury. Appellants compare Leesburg's original statement of the facts as told to medical personnel with that told to police.

It is noted that inconsistencies discovered during an investigation are not unusual. Of importance here, however, is the fact that any double story told by Leesburg is irrelevant to the official actions of appellees. Appellees were merely fulfilling their duty of investigating and gathering information. The matter was then turned over to the prosecution and grand jury for determination as to whether or not there was sufficient evidence to warrant an indictment. At the grand jury stage of the proceedings, appellants (and persons accused of a crime in general) do not have a right to appear or to challenge the prosecution's evidence.

Appellants have not affirmatively set forth facts showing that appellees' investigation was conducted in bad faith or with malice, wanton conduct or recklessness. Prior to stating her intent to seek an indictment, Worthington's Police Officer Stevens gathered information through numerous sources, including Hunt, Leesburg, a paramedic and Ohio State University police. Appellees' investigation, even during those initial three days, included gathering information from both sides and from third parties. This did not constitute wanton conduct insofar as that term connotes a complete lack of care. *Lytle,* 70 Ohio App.3d at 106, 590 N.E.2d at 426, citing *Matkovich v. Penn Central Transp. Co.* (1982), 69 Ohio St.2d 210, 23 O.O.3d 224, 431 N.E.2d 652. Although Leesburg may very well have changed his story from a "rear bumper" to "front bumper" impact in order to strengthen his argument that Miller had the intent to hit him, this is irrelevant to appellees' official conduct. Furthermore, the information presented to the grand jury included statements from appellant Hunt.

The investigation did not constitute malice, bad faith or recklessness. Leesburg's statements *to the police* appear to be consistent. The inconsistency lies in his earlier statements to the paramedic and treating physician. Appellees, however, could reasonably believe that appellant Miller had the required intent to hit Leesburg regardless of whether Miller was driving forward or in reverse. Appellant Hunt had stated, after acknowledging his *Miranda* rights, that he believed Miller intended to hit Leesburg.

Finally, appellees had a legal option to charge in the first instance in municipal court and, in so doing, even cause the arrest of appellant Miller. In declining to do so and, instead, presenting the case directly to the grand jury and allowing

appellant Hunt to testify, a further lack of bad faith, malice, wanton conduct or recklessness was evidenced.

Appellees are entitled to judgment as a matter of law as reasonable minds could only conclude that appellees' investigation was not conducted with malice, in bad faith or in a wanton, reckless manner. Appellees are, therefore, immune under R.C. Chapter 2744, and appellants' first assignment of error is overruled.

With regard to appellants' second assignment of error, involving a federal claim under Section 1983, Title 42, U.S.Code, appellants must show that appellees have a policy or custom which operates to deprive them of their constitutional rights. *Monell v. Dept. of Social Serv.* (1978), 436 U.S. 658, 689, 694, 98 S.Ct. 2018, 2037–2038, 56 L.Ed.2d 611, 634, 637. Municipal liability is limited to actions for which the municipality is actually responsible; therefore, the purpose of the policy/custom requirement is to distinguish acts of a municipality from acts of its employees. *Pembaur v. Cincinnati* (1986), 475 U.S. 469, 483, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452, 464. It is the execution of the government's policy, either by its policymakers or by those whose acts may fairly be said to represent official policy, which gives rise to municipal liability under Section 1983, Title 42, U.S.Code. *Monell,* 436 U.S. at 692–694, 98 S.Ct. at 2037–2038, 56 L.Ed.2d at 636–637.

A policy exists where a deliberate choice to follow a course of action is made from among various alternatives by official(s) responsible for establishing final policy with respect to a subject matter in question. *Pembaur,* 475 U.S. at 483, 106 S.Ct. at 1300, 89 L.Ed.2d at 464. It is not enough that an official is vested with discretion and acts upon that discretion. The official must be responsible for establishing final governmental policy with respect to that discretionary action in order to give rise to municipal liability. *Id.,* 475 U.S. at 480–483, 106 S.Ct. at 1299–1300, 89 L.Ed.2d at 463–464.

Appellants have not set forth facts showing a policy or an informal custom of seeking indictments in order to vindicate improper police conduct. Consequently, even if Officer Stevens's investigation was improper, there is no evidence that her actions represented an official policy or custom.

A single incident or decision may, however, give rise to liability under Section 1983, Title 42, U.S.Code, if it is, in fact, a policy decision made by an official vested with final authority. *Pembaur,* 475 U.S. at 478, 106 S.Ct. at 1298, 89 L.Ed.2d at 461. Appellants, however, have presented no evidence regarding Officer Stevens's authority.

Attached to their memorandum contra the motion for summary judgment, appellants did include a memorandum apparently written by attorney

Terry Sherman as the result of his interview of Officer Leesburg. Appellants would apparently have us use this memorandum to draw conclusions that the contents of that memorandum established that there was an attempt at some sort of cover-up as a matter of official policy or custom. That proposition fails on two bases. First, the memorandum itself is an example of the contradiction in Officer Leesburg's story as to whether he was hit as the vehicle in question went forward or went backwards. It is, in fact, contradictory to the statements given by Terry Hunt when he indicated that Gregory Miller attempted to hit the officer by backing up. This contradiction in and of itself is no more evidence than were the contradictions addressed in the first assignment of error.

Additionally, although the judgment entry of the trial court does not specifically address the issue, Civ.R. 56(E), as was argued by appellees, requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." In no way is there any showing that the memorandum submitted would properly qualify under Civ.R. 56 as being admissible into evidence or that the affiant (and here there was none) was competent to testify as to matters stated. Appellants having presented no evidence of a policy or custom, or that Officer Stevens's actions constituted a policy decision, reasonable minds could only conclude that such a policy did not exist. For this reason alone, appellees are entitled to judgment as a matter of law.

■ It is also noted, however, that, in order to succeed under Section 1983, Title 42, U.S.Code, appellants must additionally show that a clearly established right was violated. *Anderson v. Creighton* (1987), 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523. The constitutional rights allegedly violated must be established in a " 'particularized sense' so that 'the contours of the right' are clear enough for any reasonable official in [appellees'] position to know that what the official is doing violates that right." *Danese v. Asman* (C.A.6, 1989), 875 F.2d 1239, 1242, citing *Anderson*. The test is whether appellees could have reasonably thought that they were acting legally. *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3040, 97 L.Ed.2d at 531; *Danese*, 875 F.2d at 1242. As discussed earlier, appellees' investigation covered information from both sides and from third parties. It is the responsibility of the grand jury to determine whether or not there is sufficient evidence to support an indictment.

■ Appellants also allege in their second assignment of error that truly egregious actions may give rise to municipal liability under the rationale of *Dunn v. Tennessee* (C.A.6, 1982), 697 F.2d 121. As noted earlier, appellees' investigation was not malicious or in bad faith. Even if appellees' official conduct was egregious, however, this would not eliminate the requirement of an official policy

or custom which violates a constitutional right. Furthermore, the *Dunn* court's statement that egregious actions may support a claim under Section 1983, Title 42, U.S.Code was made in the context of the court stating that the Fourteenth Amendment was not "designed to redress all injuries incurred by reason of unfounded or malicious claims." *Id.*, 697 F.2d at 125.

Appellants' second assignment of error is overruled.

■ In their third assignment of error, appellants claim they are entitled to recovery under the first part of Section 1985, Title 42, U.S.Code, as that section does not require a showing of racial or class-based discrimination. While appellants are correct that the first part of Section 1985(2) does not require such a showing, the first part requires a nexus with a federal court proceeding, which appellants have failed to plead. *Allen v. Allied Plant Maintenance Co. of Tennessee* (C.A.6, 1989), 881 F.2d 291. Section 1985(2), Title 42, U.S.Code, protects against conspiracies "to deter * * * any party or witness in any *court of the United States* from attending such court, or from testifying * * * or to influence the * * * indictment of any grand or petit juror in any *such court.*" (Emphasis added.) Appellees are, therefore, entitled to judgment as a matter of law, and appellants' third assignment of error is overruled.

Appellants' assignments of error are overruled, and the judgments of the trial court are affirmed.

*Judgments affirmed.*

PEGGY BRYANT, P.J., and JOHN C. YOUNG, J., concur.