**ROYAL PAPER STOCK COMPANY, INC., Appellant,**

v.

**MERIDIAN INSURANCE COMPANY, Defendant–Appellee.**

[Cite as *Royal Paper Stock Co. v. Meridian Ins. Co.* (1994), 94 Ohio App.3d 327.]

Court of Appeals of Ohio,
Franklin County.

No. 93APE09–1345.

Decided April 12, 1994.

*Luper, Wolinetz, Sheriff & Neidenthal* and *Eugene R. Butler,* for appellant.

*Lane, Alton & Horst, Theodore M. Munsell* and *Mary McWilliams Dengler,* for appellee.

CLOSE, Judge.

This is an appeal from a summary judgment granted in favor of defendant-appellee, Meridian Insurance Company. This case arose out of a contract for insurance. Plaintiff-appellant, Royal Paper Stock Company, Inc., initiated this action seeking declaratory relief. In its complaint, appellant sought declaration that certain claims made by its employees were covered under the insurance policy provided by appellee, and that appellee had a duty to defend and/or reimburse appellant for costs of defense.

The contract for insurance provided by appellee included an Employer's Liability Endorsement that covered bodily injury to employees arising out of and in the course of employment with appellant. Specifically excluded from coverage was "[b]odily injury intentionally caused or aggravated by you, or bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur[.]" Based on this exclusion, appellee refused to insure or defend appellant when an employee sued appellant, alleging a claim for intentional tort.

The underlying lawsuit was filed by appellant's employee, Glen O'Bryan, as a result of injuries arising out of and in the course of his employment. Named as defendants were appellant, two John Doe manufacturing companies and one John Doe maintenance company. Although the employee's complaint alleged claims

for intentional tort, strict liability and negligence, only the claim for intentional tort was alleged against appellant. After substantial discovery, appellant settled with O'Bryan for $130,000. Appellee refused to reimburse appellant.

In its declaratory judgment action, appellant alleged that appellee had a duty to reimburse appellant both for the costs of defending against O'Bryan's action and for the $130,000 settlement. The parties filed cross-motions for summary judgment. The trial court granted appellee's motion for summary judgment and denied appellant's motion. Appellant appeals this judgment and raises the following assignments of error:

"I. The trial court erred in granting summary judgment in favor of defendant insurer when the insurer failed to present any evidence in support of its motion.

"II. The trial court erred in failing to grant plaintiff's motion for summary judgment.

"III. The trial court erred in finding that the defendant was entitled to summary judgment where the policy provided no coverage for any injury or disease."

In reviewing a motion for summary judgment, the trial and appellate courts are held to the same standard. That standard is governed by Civ.R. 56(C), which provides in part:

" ' * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * ' " *Lytle v. Columbus* (1990), 70 Ohio App.3d 99, 103, 590 N.E.2d 421, 424.

A court may not grant summary judgment unless the movant establishes that there are no issues as to any material fact, in other words, complete absence of a triable fact, and that the movant is entitled to judgment as a matter of law. *White v. Aladdin Temple Shrine Circus* (Mar. 3, 1994), Franklin App. No. 93AP–1516, unreported, 1994 WL 67732. The non-moving party, however, must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth the facts which entitle him to relief. *Baughn v. Reynoldsburg* (1992), 78 Ohio App.3d 561, 563, 605 N.E.2d 478, 480, construing *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

The first and second assignments of error are related and will be treated together. According to appellant, the exclusion becomes operative only after appellee has proven that appellant acted intentionally in causing O'Bryan's injuries. Without such proof, appellant claims appellee cannot avoid its duty to

defend or its obligation to provide coverage. It is further argued that appellee cannot rely solely on the endorsement and underlying complaint to establish its rights under the exclusion. Appellee has presented no evidence demonstrating that appellant intentionally caused O'Bryan's injuries; therefore, appellant claims it is entitled to summary judgment.

In support of its argument, appellant alleges that, pursuant to two Ohio Supreme Court cases and the language of the exclusion itself, appellee must demonstrate factually that the claim is outside the scope of coverage.

The relevant exclusion states:

"Bodily injury intentionally caused or aggravated by you, or bodily injury resulting from an act *which is determined* to have been committed by you with the belief that an injury is substantially certain to occur[.]" (Emphasis added.)

This exclusion, appellant alleges, does not preclude coverage unless and until it is "determined" that the injury was intentionally caused, or that appellant believed injury was substantially certain to occur. As further support, appellant cites *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 507 N.E.2d 1118, and *Physicians Ins. Co. of Ohio v. Swanson* (1991), 58 Ohio St.3d 189, 569 N.E.2d 906, for the proposition that an insurer, in a declaratory judgment action, may not rest upon the pleadings of the underlying complaint for which coverage is sought, but must demonstrate factually that the injury was expected or otherwise intentionally caused. Consequently, appellant claims the endorsement and underlying complaint were insufficient to support appellee's motion for summary judgment or withstand appellant's motion for summary judgment.

In line with this reasoning, appellant alleges that appellee must prove there is "no possibility" of coverage before it can avoid its obligation to provide a defense. Appellant respectfully suggested that the test this court applied in *Monsler v. Cincinnati Cas. Co.* (1991), 74 Ohio App.3d 321, 598 N.E.2d 1203, is incorrect. In *Monsler*, we applied the "scope of the allegations" test where the relevant inquiry is "whether the allegations of the underlying complaint [against the insured] state a 'claim' which is 'potentially or arguably' within the coverage at issue." *Id.* at 326, 598 N.E.2d at 1206. Appellant claims this test is insufficient to establish factually that O'Bryan was injured as a result of intentional misconduct.

█ Under the limited facts of this case, we hold that it is not necessary for appellee to prove appellant intentionally caused the injuries. The endorsement and underlying tort complaint constitute evidence clearly entitling appellee to judgment as a matter of law; therefore, appellee met its burden under *Wing* and *Baughn, supra.* Regardless of the test applied (whether "scope of the allegations" under *Monsler, supra,* and *Willoughby Hills v. Cincinnati Ins. Co.* [1984], 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, or the "true facts" test under *Gill,*

*supra,* and *Allstate Ins. Co. v. Briggs* [Dec. 16, 1993], Franklin App. No. 93AP–777, unreported, 1993 WL 524880), there is, in this case, no set of facts under which appellant would be covered under the policy. All potential claims by an employee fall within specific policy exclusions. Consequently, there is no coverage here, and appellee has no duty to defend.

The relevant policy provisions are as follows:

"**A. How This Insurance Applies**

"This employers liability insurance applies to bodily injury by accident or bodily injury by disease. * * *

"1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

" * * * *

"**C. Exclusions**

" * * * *

"This insurance does not cover:

" * * * *

"4. Any obligation imposed by a workers' compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

"5. Bodily injury *intentionally caused* or aggravated by you, or bodily injury resulting from an act which is determined to have *been committed by you with the belief that an injury is substantially certain to occur;*

" * * * *

"12. Operations conducted at or from any workplace within a state designated in the schedule herein *if the named insured has, under the workers' compensation law, other insurance* for such operations or is a qualified self-insurer therefor;

"**D. We Will Defend**

"We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. * * * We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. * * *

" * * * *

"**I. Additional Provision**

"The following provision shall also apply to the insurance provided by this endorsement.

"You represent that:

"1) Where required an acceptance or rejection of the workers' compensation law of each state designated in the schedule has been filed and a notice of rejection of the provisions of any such law will not be filed during the policy period;

"2) All employees required to be insured under each such law have been insured; and

"3) All payrolls have duly reported and all premiums due paid thereunder." (Emphasis added.)

The policy both requires compliance with workers' compensation law (Section I of the endorsement) and excludes from coverage (Section C) those events which are covered under workers' compensation law. All injuries arising out of or in the course of employment, other than those resulting from employer intentional torts, are covered under workers' compensation law. This employer liability insurance excludes from its coverage injuries compensable under workers' compensation law *and* injuries incurred as a result of employer intentional torts. Given the nature of these exclusions, we conclude that this policy provides no coverage for appellant's liability to its employee, O'Bryan, under any provable facts in this case. Regardless of which test is applied in determining whether there is a duty to defend, there is no possibility of coverage here and, as a result, no duty to defend.

Appellant's first and second assignments of error are overruled.

In its third assignment of error, appellant claims that its insurance "coverage" is, in fact, illusory if the trial court's judgment, finding no duty to defend, is upheld. This argument is premised upon the fact that coverage applies only to bodily injury arising out of or in the course of the injured employee's employment by appellant. Appellant argues that "[t]o the extent this condition is met, then either the injury is covered by the Worker's Compensation statute [which appellee's policy excludes from coverage], or the injury would be the result of intentional misconduct [which appellee claims is also excluded by its contract]."

Appellee, however, asserts that the following other situations are covered under the policy:

"B. **We Will Pay**

"We will pay all sums you legally must pay as damages because of bodily injury to your employees, *provided the bodily injury is covered by this Employers Liability Insurance.*

"The damages we will pay, where recovery is permitted by law, include damages:

"1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

"2. For care and loss of services; and

"3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee;

"Provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

"4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer." (Emphasis added.)

Appellant claims that the above situations are not covered because the policy applies only to injuries or diseases "arising out of or in the course of employment." In pointing out the above-italicized language, appellant alleges that "the only way [appellee] would ever pay a claim for any bodily injury is if there is coverage for employee's injury." Given the exclusions, appellant claims there is no coverage at all for liability to any third party.

We cannot so hold. A ruling in favor of appellant would arguably amount to an approval of intentional tort insurance. It is against public policy to permit insurance against intentional torts. *Blankenship v. Cincinnati Milacron Chem., Inc.* (1982), 69 Ohio St.2d 608, 615, 23 O.O.3d 504, 509, 433 N.E.2d 572, 577; *Wedge Products, Inc. v. Hartford Equity Sales Co.* (1987), 31 Ohio St.3d 65, 67, 31 OBR 180, 181, 509 N.E.2d 74, 76. Appellant's remedy, if any, would more appropriately be determined in an action for rescission of the insurance contract and with appropriate hearings in the trial court to determine if *any* coverage is available, or if the "contract" is illusory.

We are mindful of the Ohio Supreme Court decision in *Harasyn v. Normandy Metals, Inc.* (1990), 49 Ohio St.3d 173, 551 N.E.2d 962, wherein insurance coverage of employers' tortious acts performed with knowledge that injury was substantially certain to occur was held to be acceptable and not contrary to public policy. *Harasyn,* however, was premised on the legislative enactment of R.C. 4121.80, which created a statewide fund to pay claims arising out of employer intentional torts. The Supreme Court noted that this enactment was an expression by the public's elected officials that such insurance is not against public policy. R.C. 4121.80, however, was repealed in 1992; therefore, insurance coverage of employer intentional torts is truly contrary to public policy.

Appellant's third assignment of error is overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and TYACK, JJ., concur.

TYACK, Judge, concurring.

I concur in most of the observations contained in the majority opinion. However, I believe that additional comments are appropriate.

I believe that a serious question exists as to whether Royal Paper Stock Company, Inc. ("Royal Paper") received anything of significance in return for the premium it paid to the Meridian Insurance Company. Apparently, the insurance would cover a situation where a company which was liable to an employee of Royal Paper in a products liability case in turn sued Royal Paper for altering the product. The insurance also arguably provides limited coverage where the relatives of an employee sue for the relatives' damages resulting from injury to the employee.

I doubt, however, that Royal Paper got what it thought it was getting when it bought the policy. The majority opinion mentions rescission as a possibility, but rescission is probably small solace given the substantial sums expended by Royal Paper. Indeed, the Ohio Department of Insurance might wish to review the policy to determine whether it is a product which should be sold in Ohio, since the typical company, in the absence of legal advise from expert counsel, would not realize how very few situations are covered.

With these additional comments, I concur in the majority opinion.