This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Mt. Eaton Lumber Company, Inc. ("Mt. Eaton") and Norman Shetler, appeal from the judgment of the Wayne County Court of Common Pleas that granted the motion for summary judgment of Appellee, Elevators Mutual Insurance Company. We reverse.
 {¶ 2} The instant appeal stems from an action pending in the Carroll County Court of Common Pleas, wherein Ettore Scassa and Mary Scassa ("Scassas") filed a complaint against Appellants. As Mt. Eaton was the named insured under a Commercial General Liability Coverage policy issued by Appellee, Appellee was required to defend Appellants in actions covered by the policy. Appellee was defending Appellants in the action against the Scassas; however, it filed a complaint for declaratory judgment in the Wayne County Court of Common Pleas alleging that Appellants were not entitled to coverage or a defense under the policy in the action against the Scassas. Thereafter, both Appellants and Appellee moved for summary judgment. The trial court granted Appellee's motion for summary judgment, but denied Appellants' motion. It is from this judgment entry that Appellants timely appeal and assert one assignment of error for review.
 ASSIGNMENT OF ERROR {¶ 3} "The trial court erred as a matter of law in holding that certain claims of Ettore Scassa and Mary Scassa against [Appellants] pending in the Carroll County *** [Court of Common Pleas] were not potentially or arguably within the coverage of the applicable [Appellee's] policy of insurance issued to [Appellants], and that said [Appellee] therefore has no duty to defend or indemnify its insureds with regard to said claims."
 {¶ 4} In their sole assignment of error, Appellants aver that the trial court erroneously granted summary judgment in favor of Appellee. Specifically, Appellants aver that, contrary to the determination of the trial court, the claims asserted by the Scassas in their amended complaint were potentially or arguably within the coverage of the policy and, as such, Appellee had a duty to defend and indemnify Appellants against such claims. We agree.
 {¶ 5} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. If the movant satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v.Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180.
 {¶ 6} An insurer's duty to defend may arise solely from the complaint if the allegations in the complaint unequivocally bring the action within the policy coverage. Motorists Mut. v. Trainor (1973),33 Ohio St.2d 41, paragraph two of the syllabus; Socony-Vacuum Oil Co.v. Continental Cas. Co. (1945), 144 Ohio St. 382, 392-393 (finding that where the pleadings unmistakably bring action within the coverage of the policy, the duty to defend will attach). However, the duty to defend and indemnify need not arise solely from the allegations in the complaint, but may arise at a point subsequent to the filing of the complaint.Willoughby Hills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, 179. See, e.g., Allen v. Standard Oil Co. (1982), 2 Ohio St.3d 122, 124-125
(holding that, in the context of an indemnification agreement, the duty to defend could attach at some later stage in the litigation despite the fact that the pleadings did not conclusively establish the duty). Furthermore, "where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim." Willoughby Hills, 9 Ohio St.3d at 180. See, also, U.S.Industries, Inc. v. Ins. Co. of N. Am. (1996), 110 Ohio App.3d 361, 365. Contrarily, if the allegations in the pleadings fail to state a claim even "potentially or arguably" within the policy coverage and no doubt exists as to the non-existence of a viable theory of recovery under the policy, an insurer has no duty to defend or indemnify. Wedge Products,Inc. v. Hartford Equity Sales Co. (1987), 31 Ohio St.3d 65, 68; RoyalPaper Stock Co. v. Meredian Ins. Co. (1994), 94 Ohio App.3d 327,330-331; U.S. Industries, Inc., 110 Ohio App.3d at 365.
 {¶ 7} In determining whether a genuine issue of material fact exists in regard to the assertion that the Scassas' claims are potentially or arguably within the coverage of the policy, we compare the language of the insurance policy with that of the complaint. The insurance policy, the Commercial General Liability Coverage policy, promises that Appellee will defend and indemnify an insured who becomes legally obligated to pay damages because of bodily injury or property damage. The policy provides in relevant part:
 {¶ 8} "SECTION I — COVERAGES
 {¶ 9} "COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY
 {¶ 10} "1. Insuring Agreement
 {¶ 11} "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend any `suit' seeking those damages. We may at our discretion investigate any `occurrence' and settle any claim or `suit' that may result. ***
 {¶ 12} "***
 {¶ 13} "b. This insurance applies to *** `property damage' only if:
 {¶ 14} "(1) The *** `property damage' is caused by an `occurrence' that takes place in the `coverage territory'; ***" (Emphasis added.)
 {¶ 15} Further, the policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Emphasis added.)
 {¶ 16} In the present case, the trial court found that the claims asserted by the Scassas were solely based on a contract and, therefore, as a breach of contract does not constitute an "occurrence," Appellee did not have a duty to defend or indemnify Appellants. Although breach of contract actions generally do not constitute "occurrences," as specified in commercial general liability policies, upon a review of the Scassas' complaint, we find that the complaint can be fairly read to also encompass a cause of action for negligence. See Monarch Constr. Co. v.Great American Ins. Co. (June 25, 1997), 5th Dist. No. C-960645, citingAmerican Photocopy Equip. Co. of America v. Aetna Fire Underwriters Ins.Co. (Dec. 7, 1988), 1st Dist. No. C-870865 and Royal Plastics, Inc. v.State Auto. Mut. Ins. Co. (1994), 99 Ohio App.3d 221, 225 (stating that breach of contract actions are not ordinarily considered "occurrences" under a commercial general liability policy). Specifically, the Scassas asserted that Appellants negligently failed to repair damaged fences, remove logs, treetops, brush, and other obstructions, "negligently, intentionally, maliciously, and fraudulently" changed the agreed upon boundary of the tract of land to be cut, and "negligently and maliciously" cut down a "special tree." As a result of their alleged claim of negligence, the Scassas sought punitive damages for the property damage.[1]
 {¶ 17} Due to the assertions in the Scassas' complaint and the relief sought, we conclude that a genuine issue of material fact exists as to whether the Scassas did state a claim that is "potentially or arguably" within the policy coverage. As such, the trial court erroneously granted Appellee's motion for summary judgment. Accordingly, Appellants' assignment of error is sustained.
 {¶ 18} Appellants' sole assignment of error is sustained. The judgment of the Wayne County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
 {¶ 19} The Court finds that there were reasonable grounds for this appeal.
 {¶ 20} We order that a special mandate issue out of this Court, directing the , County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
 {¶ 21} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
BAIRD, J. and BATCHELDER, J., CONCUR.
[1] We note that punitive damages are not recoverable in breach of contract actions. See DeCastro v. Wellston City School Dist. Bd. OfEdn., 94 Ohio St.3d 197, 201, 2002-Ohio-478, quoting 3 Restatement of the Law 2d, Contracts (1981) 154, Section 355 ("punitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable").