[Cite as *Gardner v. Windham*, 2017-Ohio-5632.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| VICTORIA GARDNER, et al., | : | **O P I N I O N** |
|---|---|---|
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2015-P-0076** |
| THE VILLAGE OF WINDHAM, | : | |
| Defendant-Appellee. | : | |


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00160.

Judgment: Affirmed.


*Gary A. Benjamin*, Community Legal Aid Services, 50 South Main Street, Suite 800, Akron, OH 44308 and *Patricia Dougan*, Community Legal Aid Services, First National Bank Tower, 11 Central Square, 7th Floor, Youngstown, OH 44503 (For Plaintiffs-Appellants).

*John D. Latchney*, O'Toole, McLaughlin, Dooley & Pecora, LPA, 5455 Detroit Road, Sheffield Village, OH 44054 (For Defendant-Appellee).


THOMAS R. WRIGHT, J.


{¶1} Appellants, Victoria Gardner, Brian Legatt, Drake MacMondigal, and Morgan Legatt, appeal the trial court's decision awarding summary judgment in favor of appellee, the Village of Windham. We affirm.

{¶2} The village provides water and sewer services to its residents and consequently collects personal information from residents. In June of 2009, the village enacted Resolution R-2009-21, intended to protect its customers' personal information from identity theft and fraud.

{¶3} Appellants lived in the village in housing owned by the Portage County Metropolitan Housing Authority (PMHA). They paid rent to the PMHA and it in turn paid appellants' water bill to the village.

{¶4} The village repeatedly asked appellants to complete its application form for water and sewer services and appellants challenged most of the requested information on the form as violating Ohio's Personal Information Systems Act (PISA). Appellants contend that they completed the form in part, but that they did not provide the information they believed violated PISA. They testified that village employees threatened to turn their water off if they did not provide the information. While the village does not dispute that it sought the challenged information from appellants, it has no record of appellants completing either of its water or sewer applications and has no application for appellants in its records. Moreover, the village is no longer requesting this information from appellants.

{¶5} Appellants filed suit seeking damages under R.C. 1347.10(A). Specifically, they claim they became fearful of the village officials collecting the data and fearful that their personal information would be disclosed to third parties. Appellants also sought to enjoin the village from collecting and maintaining their personal information under R.C. 1347.10(B) because the information requested on its water and sewer application form is neither relevant nor necessary to its services.

{¶6} Appellants and the village filed competing motions for summary judgment, and the trial court ultimately entered summary judgment in favor of the village. Appellants assert seven assignments of error:

{¶7} "[1] The trial court committed prejudicial err[or] in granting summary disposition to Defendant-Appellee Village pursuant to Civ.R. 56 when there remained issues of fact and judgment was not required as a matter of law.

{¶8} "[2] The trial court committed prejudicial err[or] in denying Plaintiff-Appellant's motion pursuant to Civ.R. 56.

{¶9} "[3] The trial court committed prejudicial err[or] in failing to rule on the legality under the Personal Information Systems Act (PISA), R.C. 1347, for each specific request for information enumerated in Plaintiff's Complaint, in the Brief in support of plaintiff's motion for summary judgment, and identified in Assignments of Error in the Notice of Appeal Addendum as numbers three through twelve.

{¶10} "[4] The trial court committed prejudicial err[or] in failing to rule on the legality of the Village's record retention practices under PISA, specifically R.C. 1347.05(G).

{¶11} "[5] The trial court committed prejudicial error in failing to deal with issues raised below and in giving an inadequate explanation for reaching the decision rendered.

{¶12} "[6] The trial court committed prejudicial error in failing to determine whether information collected on the water and sewer service application was necessary and relevant under PISA for the other Village purposes raised by Appellee, e.g. income tax collection.

3

{¶13} "[7] The trial court committed prejudicial err[or] in not recognizing that information collected by the Village is subject to disclosure to members of the general public upon the making of a request to the Village under the Public Records Act."

{¶14} Appellate courts review summary judgment decisions anew and apply the same standard used by the trial court. Civ.R. 56(C) dictates the summary judgment standard stating in part:

{¶15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶16} A "material fact" for summary judgment depends on the type of the claim being litigated. *Hoyt, Inc. v. Gordon & Assocs., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶17} We address appellants' assignments of error collectively for ease of analysis.

4

{¶18} As for appellants' claim for damages, R.C. 1347.10(A) "*Rights of action for harm done*," states in part:

{¶19} "(A) A person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in a civil action from *any person* who directly and proximately caused the harm by doing any of the following:

{¶20} "(1) Intentionally maintaining personal information that he knows, or has reason to know, is inaccurate, irrelevant, no longer timely, or incomplete and may result in such harm;

{¶21} "(2) Intentionally using or disclosing the personal information in a manner prohibited by law;

{¶22} "(3) Intentionally supplying personal information for storage in, or using or disclosing personal information maintained in, a personal information system, that he knows, or has reason to know, is false;

{¶23} "(4) Intentionally denying to the person the right to inspect and dispute the personal information at a time when inspection or correction might have prevented the harm." (Emphasis added.)

{¶24} As the village argues in its motion for summary judgment, appellants' claim for damages fails for several reasons. First, the statute authorizes recovery only from a "person" who does any of the prohibited, intentional actions and "who directly and proximately caused the harm." R.C. 1347.10(A) does not create a cause of action against the village of Windham, which is not a person.

5

{¶25} In addition, R.C. 1347.10(A) provides a cause of action for "a person who is harmed" from the use of personal information "that is maintained in a personal information system." Here, appellants have not alleged any actual damages, but only fear of harm from the release of their information. *Baughn v. Reynoldsburg*, 78 Ohio App.3d 561, 563, 605 N.E.2d 478 (10th Dist.1992) (holding that no relief is available under to R.C. 1347.10(A) when the release of information has not actually caused harmed.)

{¶26} Moreover, although the village requested personal information from appellants that appellants claim is irrelevant to providing water and sewer services, they never provided the answers to the objected to questions. Thus, the village does not have appellants' personal information at issue, and therefore it is not "maintaining" such. Appellants failed to come forward with any evidence that they are entitled to relief under R.C. 1347.10(A). Thus, the trial court appropriately entered summary judgment in the village's favor on appellants' claim for damages under R.C. 1347.10(A) since no genuine issue of fact remains, and the village is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶27} Appellants also asked the court to enjoin the village pursuant to R.C. 1347.10(B) from collecting designated information in order to commence and maintain water and sewer services; that the court enjoin the village from using its existing application form or redesign its form; and that the court require the village to tailor its request for information to the "relevant purpose of the Village Water Department." Specifically appellants requested the village be precluded from requesting and maintaining: a resident's prior address if not in Windham; anyone's social security

number; name of one's spouse or partner and their date of birth; employer's name, address, and phone numbers; names of two relatives and their addresses; name of one friend and his or her address; mother's maiden name; city of birth; and high school attended as part of its water and sewer application form since the same is neither relevant nor necessary.

{¶28} The decision to issue an injunction lies within the trial court's sound discretion and depends on the facts and circumstances of the case. *Perkins v. Village of Quaker City*, 165 Ohio St. 120, syllabus (1956). We review a trial court's denial of injunctive relief for an abuse of discretion. *Id.* at 125.

{¶29} "'[T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' * * * [A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' * * * When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' * * *." (Citations omitted.) *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

{¶30} R.C. 1347.10(B) states:

{¶31} "Any person who, or any state or local agency that, violates or proposes to violate any provision of this chapter may be enjoined by any court of competent jurisdiction. The court may issue an order or enter a judgment that is necessary to

7

ensure compliance with the applicable provisions of this chapter or to prevent the use of any practice that violates this chapter. An action for an injunction *may be prosecuted by the person who is the subject of the violation*, by the attorney general, or by any prosecuting attorney." (Emphasis added.)

**{¶32}** A claim for injunctive relief is only appropriate if the movant shows "that immediate and irreparable injury, loss or damage will result without the relief and that no adequate remedy at law exists." *Byers DiPaola Castle, L.L.C. v. Portage Cty. Commrs.*, 11th Dist. Portage No. 2014-P-0043, 2015-Ohio-3089, 41 N.E.3d 89, ¶67.

**{¶33}** "To establish a claim for injunctive relief, a plaintiff must show, by clear and convincing evidence: (1) the likelihood of success on the merits; (2) granting the injunction will prevent irreparable harm; (3) the potential injury that may be suffered by the defendant will not outweigh the potential injury suffered by the plaintiff if the injunction is not granted; and (4) the public interest will be served by the granting of the injunction. *Cleveland v. Cleveland Elec. Illuminating Co.,* 115 Ohio App.3d 1, 12, 684 N.E.2d 343 (8th Dist.1996)." *Id.* at ¶68.

**{¶34}** The village established that it does not have any water and sewer service applications in its records from appellants and that it is not seeking to secure the challenged information from them. Thus, appellants seek to enjoin the village from maintaining their personal information that it does not possess and from collecting their personal information that it is not seeking. The trial court did not abuse its discretion in denying the request because appellants fail to come forward with evidence establishing that they will suffer irreparable harm absent the injunction. Thus, summary judgment was proper on this claim as well.

8

{¶35} Accordingly, appellants' assigned errors lack merit and the trial court's judgment is affirmed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶36} I respectfully dissent.

{¶37} This appeal stems from the trial court's granting summary judgment in favor of the Village.

{¶38} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 * * * (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.,* Civ.R. 56(C).

{¶39} "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.,* 64 Ohio St.2d 116, 121 * * * (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 * * * (1992). Hence, a trial court is required to overrule a motion for summary

judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252 * * * (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 * * * (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

{¶40} On appeal, appellants maintain a right to privacy in the context of disclosure of personal information and seek to prohibit the Village from collecting such information in order to use its water and sewer service. Appellants' arguments center around R.C. Chapter 1347, Personal Information Systems (PISA). At issue is whether the personal information requested by the Village is "necessary and relevant" to the functions of the agency. Appellants present seven assignments of error. Their first two assignments are interrelated and are dispositive of this appeal.

{¶41} In their first assignment of error, appellants argue the trial court erred in granting summary judgment in favor of the Village alleging that issues of fact remained and judgment was not required as a matter of law.

{¶42} In their second assignment of error, appellants contend the trial court erred in denying their Civ.R. 56 motion.

{¶43} The right to control the disclosure of one's personal information is at the center of the digital privacy debate. *See* Jisuk Woo, *The right not to be identified:*

10

*privacy and anonymity in the interactive media environment*, http://journals.sagepub.com (the development of information technology changes the privacy environment as experienced by individuals as well as the policy implication of such changes; intended and unintended activities of more diversified and less easily identifiable entities, in the interactive environment, have become more of a threat to individual privacy; and the right not to be identified might be the most effective way of ensuring privacy in the interactive environment); Will Thomas DeVries, *Protecting Privacy in the Digital Age*, Berkeley Technology Law Journal, Vol. 18, No. 1 (conceptions of privacy carried over from the analog world have not aged gracefully; the information revolution is occurring so quickly and it affects so many areas of privacy law that the old, adaptive process is failing to address problems and concerns regarding digital privacy); Laurence Ashworth and Clinton Free, *Marketing Dataveillance and Digital Privacy: Using Theories of Justice to Understand Consumers' Online Privacy Concerns,* Journal of Business Ethics, Volume 67, Issue 2, http://link.springer.com (collection, enhancement, and aggregation of information in technology are instantaneous bringing with it a host of issues and concerns regarding digital privacy; an important component of privacy concerns relates to fairness judgments).

{¶44} Furthermore, R.C. 1347.05, Duties of state and local agencies, states in part:

{¶45} "Every state or local agency that maintains a personal information system shall:

{¶46} "* * *

11

**{¶47}** "(H) Collect, maintain, and use *only* personal information that is *necessary and relevant* to the functions that the agency is required or authorized to perform by statute, ordinance, code, or rule, and eliminate personal information from the system when it is no longer necessary and relevant to those functions." (emphasis added.)

**{¶48}** R.C. 1347.10, regarding damages, states:

**{¶49}** "(A) A person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in a  civil action from any person who directly and proximately caused the harm by doing any of the following:

**{¶50}** "(1) Intentionally maintaining personal information that he knows, or has reason to know, is inaccurate, *irrelevant*, no longer timely, or incomplete and may result in such harm;

**{¶51}** "(2) Intentionally using or disclosing the personal information in a manner prohibited by law;

**{¶52}** "(3) Intentionally supplying personal information for storage in, or using or disclosing personal information maintained in, a personal information system, that he knows, or has reason to know, is false;

**{¶53}** "(4) Intentionally denying to the person the right to inspect and dispute the personal information at a time when inspection or correction might have prevented the harm.

**{¶54}** "* * *

12

**{¶55}** "(B) Any person who, or any state or local agency that, violates or *proposes* to violate any provision of this chapter may be enjoined by any court of competent jurisdiction. The court may issue an order or enter a judgment that is necessary to ensure compliance with the applicable provisions of this chapter or to prevent the use of any practice that violates this chapter. An action for an injunction may be prosecuted by the person who is the subject of the violation, by the attorney general, or by any prosecuting attorney." (Emphasis added.)

**{¶56}** This case turns on the interpretation of the statutory phrase, "necessary and relevant." "Necessary" is defined as "being essential, indispensible, or requisite[.]" http://www.dictionary.com/browse/necessary "Relevant" is defined as "bearing upon or connected with the matter at hand; pertinent[.]" http://www.dictionary.com/browse/relevant Appellants allege the personal information requested by the Village is not "necessary and relevant" to the functions of the agency.

**{¶57}** At issue is the "Application for Water/Sewer Service," Exhibit B, which requests the following information: date; property address; owner/landlord/business information including names, addresses, phone/fax numbers, and business ID number; resident/tenant information including name, new and previous addresses, birth date, phone number, and three security questions including mother's maiden name, birth city, and name of high school attended, and names of spouse/significant other/roommate/children/or other adults residing at the address including birth dates; asks whether the applicant has even lived in Windham before and if he or she went by a different name; asks to list two relatives and one friend (not living with the applicant) that

13

have a telephone including their numbers and addresses; and asks for the applicant's race, ethnicity, and gender.

**{¶58}** The Village provides, inter alia, water and sewer service to residents of the Village, including appellants. Appellants' residence is owned by PMHA. Appellants pay rent to PMHA and PMHA pays water bills to the Village. The Village collects personal information from residents. The Village contends that it uses this information to help collect unpaid water and sewer bills of those who abscond without payment or those who take fraudulent names. The Village's record retention policy is to destroy the forms after an account is closed. However, the Village has not destroyed any records.

**{¶59}** In July 2012, the Village requested appellants fill out an "Application for Water/Sewer Service," which included spaces to provide residents'/tenants' social security numbers. (Exhibit A). Appellants claim they objected to providing their social security numbers and did not complete the application.

**{¶60}** Thereafter, the Village requested appellants fill out a revised version of the "Application for Water/Sewer Service," which did not include spaces to provide residents'/tenants' social security numbers but asked for other identifying information. (Exhibit B). Appellants claim they partially filled out that form. The Village claims it has no record of appellants completing and submitting either form.

**{¶61}** In reaching its determination that the personal information requested of appellants by the Village is "necessary and relevant," the trial court stated the following in its September 29, 2015 judgment entry: "[t]he Village uses this information to help collect unpaid water and sewer bills of those absconded without payment or take fraudulent names." This writer finds, however, that appellants cannot abscond without

14

payment because the water/sewer bill is not in their name and they do not pay the bill. Again, appellants pay rent to PMHA. PMHA pays water bills to the Village.

**{¶62}** This writer does not espouse that the Village should not request *any* personal identifying information from tenants via standardized forms. Rather, I find that the form at issue is overbroad. It is not necessary and relevant to know some of the requested personal information in order to receive water service, including various questions such as a tenant's mother's maiden name, high school attended, and a child's name and birth date. How are the answers to this personal information "essential, indispensible, or requisite" and "pertinent"?

**{¶63}** The trial court should have considered the fact that these appellants are public housing tenants and that PMHA pays the water bill to the Village. In fact, more personal information is requested of tenants than the landlord. Why is less information necessary and relevant for landlords, who are ultimately responsible for the bill, than for tenants? This disparity alone raises a question regarding the necessity and relevancy of the personal questions and creates an issue of material fact.

**{¶64}** Upon review, this writer determines that some of the personal information requested by the Village is not necessary and relevant. *See* R.C. 1347.05(H) ("Every state or local agency that maintains a personal information system shall * * * [c]ollect, maintain, and use *only* personal information that is *necessary and relevant* to the functions that the agency is required or authorized to perform * * *.") (Emphasis added.)

**{¶65}** Because there is no evidence that the Village improperly released any of appellants' personal information, the trial court denied appellants' request for money

15

damages finding that no third party used any of their personal information and, thus, they suffered no harm. I believe, however, that fear of harm in this case is enough.

{¶66} Again, the alleged threat concerning the cessation of water service if appellants did not fill out the application occurred in July 2012. (Exhibit B). Appellants never claimed they had any actual interruption in water/sewer service between July 2012 (when they indicated they partially filled out the form) and February 2014 (the filing of the complaint). Rather, the main crux of their case is that they were fearful that their water would be shut off if they did not provide the requested personal information to the Village and that their information would be released to third parties. Thus, appellants have shown damages due to a threat of injury in this case as the Village is maintaining irrelevant personal information which it proposes to gather and use. *See* R.C. 1347.10(A) and (B) ("A person who is harmed by the use of personal information that relates to him and that is maintained in a personal information system may recover damages in a civil action from any person who directly and proximately caused the harm by * * * [i]ntentionally maintaining personal information that he knows, or has reason to know, is * * * irrelevant * * * [and] [a]ny person who, or any state or local agency that, violates or proposes to violate any provision of this chapter may be enjoined by any court of competent jurisdiction.")

{¶67} Upon consideration, I find that the trial court erred in granting the Village's motion for summary judgment. I believe appellants' first and second assignments of error have merit. I would render as moot appellants' remaining assignments of error, three through seven, due to the disposition of their first two assignments. *See* App.R. 12(A)(1)(c).

16

**{¶68}** Because I find that the trial court's judgment should be reversed and remanded, I respectfully dissent.