STATE AUTO INSURANCE COMPANY, Appellee,

v.

GOLDEN et al., Appellants.

[Cite as *State Auto Ins. Co. v. Golden* (1998), 125 Ohio App.3d 674.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 72631 and 72657.

Decided March 23, 1998.

*Bertsch, Millican & Winslow Co., Robert J. Koeth* and *Ann E. Leo,* for appellee.

*Spero & Rosenfield Co., L.P.A., Ronald L. Rosenfield* and *Scott A. Spero,* for appellant Michael Golden.

*Kohrman, Jackson & Krantz, Joseph E. Rutigliano* and *Sara Gabinet,* for appellant J.B. Stamping, Inc.

---

*Per Curiam.*

Appellant J.B. Stamping, Inc. appeals the decision of the trial court granting declaratory relief in favor of appellee, State Auto Insurance Company, in case No. 72631. Appellant Michael Golden appeals this same decision in case No. 72657. For the following reasons, we affirm.

Michael Golden was injured during the course of his employment with J.B. Stamping. Golden filed an action alleging that his injury was a result of the intentionally tortious conduct of J.B. Stamping.

J.B. Stamping had commercial insurance in effect at the time of the injury. J.B. Stamping had purchased a commercial general liability policy with an endorsement for employer's liability (stopgap coverage) from appellee State Auto Insurance.

The commercial general liability policy excludes coverage for the following:

"a. 'Bodily injury' * * * expected or intended from the standpoint of insured * * *

"* * *

"e. 'Bodily injury' to:

"(1) An employee of the insured arising out of and in the course of employment by the insured."

The endorsement states that it applies to bodily injury by accident or disease arising out of the course of an employee's employment by the insured. The endorsement further states:

"C. Exclusions

"This insurance does not cover:

"* * *

"4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or similar law;

"5. Bodily injury intentionally caused or aggravated by you or bodily injury resulting from an act which is determined to have been committed by you with the belief that an injury is substantially certain to occur."

State Auto retained counsel to represent J.B. Stamping in the lawsuit filed by Golden against J.B. Stamping. State Auto retained its rights to deny coverage under the policy.

The trial court granted declaratory relief in favor of State Auto, holding that State Auto was not obligated to defend J.B. Stamping in the lawsuit filed by Michael Golden and that State Auto was not obligated to pay J.B. Stamping for any recovery by Michael Golden.

Appellant J.B. Stamping's sole assignment of error states:

"The trial court erred in deciding as a matter of law that appellant's 'stop gap' insurance coverage provided by appellee does not cover an underlying employee intentional tort claim against appellant."

Appellant Michael Golden's sole assignment of error similarly states:

"Trial court erred in deciding as a matter of law that defendant's stopgap insurance excludes coverage for intentional torts as such as is defined under Ohio law."

The appellants concede that the commercial general liability policy without the endorsement does not provide coverage. See *Wedge Products, Inc. v. Hartford Equity Sales* (1987), 31 Ohio St.3d 65, 31 OBR 180, 509 N.E.2d 74; *New Hampshire Ins. Group v. Jack Frost* (1995), 110 Ohio App.3d 514, 674 N.E.2d 1189. Appellants contend that the endorsement provides coverage for damages arising from the intentional-tort litigation.

An employer intentional tort can occur when (1) the employer actually intends injury to result ("direct intent") or (2) the employer is substantially certain that injury will result from the employer's action. *Harasyn v. Normandy Metals, Inc.* (1990), 49 Ohio St.3d 173, 551 N.E.2d 962. Providing employers with insurance coverage for direct-intent employer torts is against public policy. *Id.* Coverage for substantial-certainty employer torts is not against public policy. *Harasyn, supra; Ward v. Custom Glass & Frame, Inc.* (1995), 105 Ohio App.3d 131, 663 N.E.2d 734 (Eighth District Court of Appeals refused to apply dicta of *Royal Paper Stock v. Meridian Ins. Co.* [1994], 94 Ohio App.3d 327, 640 N.E.2d 886); *Presrite Corp. v. Commercial Union Ins. Co.* (1996), 113 Ohio App.3d 38, 680 N.E.2d 216; *Baker v. Aetna Cas. & Sur. Co.* (1995), 107 Ohio App.3d 835, 669

N.E.2d 553. We will examine whether the stopgap endorsement in this case provided coverage for substantial-certainty employer intentional torts.

State Auto argued that the following provision of the endorsement prevented coverage:

"B. We Will Pay

"We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

"The damages we will pay, where recovery is permitted by law, include damages:

"1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

"2. For care and loss of services; and

"3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequences of bodily injury that arises out of and in the course of the injured employee's employment by you; and

"4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer."

State Auto asserted that the covered damages included only the items listed as (1) through (4) above. The endorsement says that the damages include these four items and does not state that damages are limited to these items. According to its plain language, Section (B) of the endorsement does not preclude recovery of damages to an insured's employee. See *Professional Rental, Inc. v. Shelby Ins. Co.* (1991), 75 Ohio App.3d 365, 599 N.E.2d 423.

State Auto also asserted that the exclusion in Section (C)(5) excluded coverage for all intentional torts. Section (C)(5) clearly and specifically excluded coverage for direct-intent employer torts and substantial-certainty employer intentional torts. If the policy explicitly states that it excludes coverage for direct-intent and substantial-certainty intentional torts, then there is no coverage for damages caused by an employer intentional tort. *Royal Paper Stock v. Meridian Ins. Co.* (1994), 94 Ohio App.3d 327, 640 N.E.2d 886; *Lt. Moses Willard, Inc. v. Am. States Ins. Co.* (Feb. 6, 1995), Clermont App. No. CA 94–06–049, unreported, 1995 WL 42388; *Izold v. Suburban Power Piping Corp.* (Mar. 20, 1997), Cuyahoga App. No. 70873, unreported, 1997 WL 127197.

Appellants contend that if the endorsement provides no coverage for substantial-certainty employer intentional torts, then the endorsement does not provide

any coverage whatsoever. The endorsement purports to provide coverage for bodily injuries to employees in the course of employment, but then excludes coverage for injuries under workers' compensation and injuries resulting from intentional torts. According to appellants, the endorsement amounts to an illusory promise. See, generally, *Century 21 Am. Landmark, Inc. v. McIntyre* (1980), 68 Ohio App.2d 126, 22 O.O.3d 141, 427 N.E.2d 534.

The endorsement does allow coverage to the employer if the manufacturer of the product that injures an employee sues the employer for altering the product, see Section (B) of the endorsement; see, also, *Royal Paper, supra*, 94 Ohio App.3d at 334, 640 N.E.2d at 891 (Tyack, J., concurring). Coverage is provided when relatives of an employee sue for the relatives' damages resulting from an injury to the employee. *Id.* When some benefit to the insured is evident from the face of the endorsement, the endorsement is not an illusory contract. *Id.*; *Izold, supra*.

Upholding the exclusion for employer intentional torts does not render the endorsement illusory. The trial court correctly concluded that no coverage exists.

Appellants' assignments of error are overruled.

The decision of the trial court is affirmed.

*Judgment affirmed.*

PORTER, P.J., DYKE and ROCCO, JJ., concur.