DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of defendant-appellee, Crum Forster Insurance, on the declaratory judgment and bad faith claims brought against it by plaintiffs-appellants, David L. and Julie Trochelman.
The undisputed facts of this case are as follows. On January 29, 1996, David Trochelman sustained serious injuries during the course and scope of his employment with defendant Cauffiel Machinery Corporation ("Cauffiel"). Those injuries necessitated the amputation of Trochelman's left leg below the knee and left him permanently and partially disabled.
At the time of the accident, Cauffiel was the named insured under a policy of insurance with Crum Forster (policy number 5031419211). That policy included Commercial General Liability coverage and Employers Liability (Stop Gap) coverage. Under the Stop Gap coverage, the policy provides in relevant part:
"1. Insuring Agreement.
 "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' by accident or `bodily injury' by disease to any of your employees that arises out of and in the course of employment by you, provided such employee is reported and declared under the Workers Compensation Fund of the state designated in the Declarations. The `bodily injury' must take place in the `covered territory.' `Bodily injury' by accident must occur during the policy period. * * *
 "We will have the right and duty to defend any `suit' seeking those damages.
"* * *
 "b. Damages because of `bodily injury' to your employees, include damages:
 "(1) For which you are liable to a third party by reason of a claim or `suit' against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
"(2) For care and loss of services;
 "(3) For consequential `bodily injury' to a spouse, child, parent, brother or sister of the injured employee;
 "provided that these damages are the direct consequence of `bodily injury' that arises out of and in the course of the injured employee's employment by you; and
 "(4) Because of `bodily injury' to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer."
The policy then sets forth a number of exclusions. As originally written, the policy provided that "This insurance does not apply to * * * (j) Any injury intentionally caused or aggravated by any insured[.]" However, at the time of David Trochelman's injury, the following endorsement was in effect which modified the exclusions applicable to the Stop Gap coverage:
 "Section 1, paragraph 2. Exclusions, subparagraph (j) is replaced by the following:
 "j. `bodily injury' intentionally caused or aggravated by any insured, or `bodily injury' resulting from an act which is determined to have been committed by any insured with the belief that an injury is substantially certain to occur."
On January 14, 1997, appellants filed a complaint against Cauffiel alleging an employer intentional tort (Count I). In addition, appellant Julie Trochelman asserted a claim for loss of consortium (Count II). Subsequently, appellants filed an amended complaint which added appellee Crum Forster as a defendant. The amended complaint alleged that David Trochelman's injuries were the direct and proximate result of acts and omissions of Cauffiel and that those acts and omissions occurred despite Cauffiel's belief that injury was substantially certain to occur. The amended complaint then asserted a declaratory judgment action (Count III) and a bad faith claim (Count IV) against Crum Forster because of the insurer's refusal to provide coverage for the claims asserted under Counts I and II of the complaint. The amended complaint further alleged that the Trochelmans had reached an agreement with Cauffiel under which Cauffiel assigned to the Trochelmans any and all claims that Cauffiel might have against Crum Forster based upon its denial of coverage for the January 29, 1996 accident. The amended complaint sought a judgment against the defendants, jointly and severally, on Counts I and II; a judgment declaring that the policy at issue provides indemnity coverage for the claims brought under Counts I and II; compensatory damages for breach of contract; and punitive damages of $500,000 under Count IV, the bad faith claim.
On May 22, 1998, Crum Forester filed a motion for summary judgment on Counts III and IV of the amended complaint. The insurer argued that the unambiguous terms of the insurance policy provided that the policy does not provide coverage for bodily injury to an employee that is substantially certain to occur. Accordingly, the insurer asserted that the claims made against Cauffiel in Counts I and II of the complaint were not covered by the policy, and Crum Forster was entitled to judgment as a matter of law. In their memorandum in opposition, appellants asserted that summary judgment was inappropriate in that issues of fact remained regarding the intention of the parties when entering into the contract, what coverage was provided by the Stop Gap portion of the policy, and the validity of the particular exclusion at issue in this case. Appellants supported their memorandum with unauthenticated documents which they asserted were provided by appellee in its Response to Plaintiffs' Discovery Requests.
On September 14, 1998, the trial court granted Crum Forster's motion for summary judgment on Counts III and IV of the amended complaint and held that the insurer had no duty to indemnify Cauffiel or its assignees the Trochelmans for the employer intentional tort claims. In particular, the court held that the plain language of the contract precluded coverage for "substantially certain" intentional torts and that such an exclusion was valid. Thereafter, appellants filed a motion for reconsideration asking the trial court to reconsider its judgment granting Crum Forster summary judgment on Counts III and IV. Appellants asserted that it was unclear from the court's opinion whether the court had considered the documents attached to appellants' memorandum in opposition in ruling on the summary judgment motion. Appellants further submitted completed requests for admissions in which Crum Forster admitted to the authenticity of the documents at issue. On September 25, 1998, the trial court granted appellants' motion, agreed to reconsider the issues presented and vacated its opinion and judgment entry of September 14, 1998.
On October 20, 1998, the trial court reaffirmed its prior opinion and judgment entry after reconsidering the issues before it in light of appellee's admissions. Initially, the court determined that the documents did not alter the court's conclusion that, under the plain language of the insurance policy, there was no indemnity coverage for "substantially certain" employer intentional torts. The court further concluded that because the policy provided a defense for "substantially certain" employer intentional torts as well as other enumerated coverage, the policy was not illusory. Accordingly, the court granted Crum Forster summary judgment on Counts III and IV of the amended complaint. After the trial court amended its September 14 and October 20, 1998 judgment entries to include Civ.R. 54(B) language, appellants filed the present appeal in which they raise the following assignments of error:
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AS THERE REMAINED A GENUINE ISSUE OF MATERIAL FACT REGARDING WHETHER THE EMPLOYER'S LIABILITY (STOP GAP) POLICY ISSUED TO CAUFFIEL MACHINERY PROVIDED INDEMNITY COVERAGE FOR THE INJURIES SUFFERED BY DAVID TROCHELMAN.
 "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE AS APPELLEE CLEARLY ACTED IN BAD FAITH BY KNOWINGLY COLLECTING PREMIUMS ON A POLICY UNDER WHICH IT WAS NEVER GOING TO HAVE TO PROVIDE COVERAGE."
In their first assignment of error, appellants challenge the trial court's grant of summary judgment to appellee on appellants' declaratory judgment action. In reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue as to any material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In Count III of their amended complaint, appellants asked the lower court to declare that through Cauffiel, they are entitled to indemnity coverage under the Stop Gap provision of the insurance policy at issue. As a contract, an insurance policy must be construed in its entirety in order to ascertain the intent of the parties. Burris v. Grange Mut. Cos. (1989), 46 Ohio St.3d 84,89, overruled on other grounds Savoie v. Grange Mut. Ins. Co.
(1993), 67 Ohio St.3d 500. Words in an insurance contract must be given their plain and ordinary meaning, and only where the words of a contract of insurance are ambiguous and therefore susceptible to more than one meaning, must the policy be construed in favor of the party seeking coverage. Blohm v. Cincinnati Ins. Co. (1988),39 Ohio St.3d 63, 66. If the words of an insurance contract are plain and unambiguous, it is neither necessary nor permissible for a court to resort to construction unless the plain meaning would lead to an absurd result. Id.
Appellants contend that because the policy was originally written to exclude injuries "intentionally caused or aggravated by the insured" that is the best evidence of the parties' intent when forming the contract. As such, appellants argue that the modified exclusion set forth in the endorsement creates an ambiguity in the contract. We disagree. As the trial court noted, the Master Forms List accompanying the policy that was in effect between May 5, 1995 and May 5, 1996 states: "The following forms and endorsements are attached to this policy effective at inception[.]" That list includes Form Number FM600.0.935(01-92) entitled Ohio Changes Employers Liability (Stop Gap) Coverage, the endorsement at issue herein. That endorsement clearly excluded from coverage "`bodily injury' intentionally caused or aggravated by any insured, or `bodily injury' resulting from an act which is determined to have been committed by any insured with the belief that an injury is substantially certain to occur." Accordingly we find no ambiguity in the policy and find that the policy clearly excluded from coverage both "direct intent" employer intentional torts and "substantially certain" employer intentional torts. See Harasyn v. Normandy Metals, Inc.
(1990), 49 Ohio St.3d 173, for a discussion of the differences between the two types of employer intentional torts. "If the policy explicitly states that it excludes coverage for direct-intent and substantial-certainty intentional torts, then there is no coverage for damages caused by an employer intentional tort." State Auto Ins. Co. v. Golden (1998), 125 Ohio App.3d 674,677. See, also, Izold v. Suburban Power Piping Corp. (Mar. 20, 1997), Cuyahoga App. No. 70873, unreported.
Accordingly, as to appellants' declaratory judgment action, there remained no genuine issue of material fact, appellants were not entitled to coverage under the policy at issue and Crum Forster was entitled to judgment as a matter of law. The first assignment of error is not well-taken.
In their second assignment of error, appellants challenge the trial court's granting summary judgment to Crum Forster on Count IV of the amended complaint, the bad faith claim. Appellants assert that a genuine issue of material fact remains regarding whether Crum Forster acted in bad faith by collecting premiums on a policy under which it would never have to provide coverage. That is, because Crum Forster would never have to provide coverage under the Stop Gap policy, appellants contend that the policy is illusory.
In the present case it is not disputed that under the terms of the policy at issue, appellee is required to provide, and has in this case provided, a defense to Cauffiel in the face of an employer intentional tort action. In addition, and to repeat, the policy provides coverage for:
 "b. Damages because of `bodily injury' to your employees, include damages:
 "(1) For which you are liable to a third party by reason of a claim or `suit' against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
"(2) For care and loss of services;
 "(3) For consequential `bodily injury' to a spouse, child, parent, brother or sister of the injured employee;
 "provided that these damages are the direct consequence of `bodily injury' that arises out of and in the course of the injured employee's employment by you; and
 "(4) Because of `bodily injury' to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer."
This coverage is substantially the same as that provided by the policies in State Auto Ins. Co. v. Golden, supra, Lakota v.Westfield Ins. Co. (Dec. 10, 1998), Cuyahoga App. No. 72871, unreported, and Estate of Izold, supra. The policies in those cases were found to provide a defense and to provide coverage "to the employer if the manufacturer of the product that injures an employee sues the employer for altering the product * * * [and] when relatives of an employee sue for the relatives' damages resulting from an injury to the employee." State Auto Ins. Co. v. Golden,supra at 678. In our view, the policy in the present case provides the same coverage. Because the policy does provide some benefit to Cauffiel, the insured, it is not illusory and the trial court did not err in granting summary judgment to Crum Forster on Count IV of the amended complaint.
Accordingly, the second assignment of error is not well-taken.
On consideration whereof, the court finds substantial justice has been done the parties complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J.,Mark L. Pietrykowski, J., CONCUR.