DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the judgment of the Fulton County Court of Common Pleas which denied the motion for summary judgment filed by appellant, Comcorp Technologies, Inc. ("Comcorp") and granted the motion for summary judgment filed by appellee, United States Fire Insurance Company[1] ("U.S. Fire"). For the reasons that follow we affirm the decision of the trial court.
 {¶ 2} According to the parties' stipulations, filed April 23, 2002, the pertinent facts underlying this action are as follows. On December 13, 1996, a stack of containers fell on Lori Ohlinger at Comcorp's Stamtec Plant in Lyons, Ohio. The stack of containers fell when another employee accidentally bumped into the stack with a forklift. Ms. Ohlinger died as a result of her injuries several days later. Alleging that Comcorp was substantially certain that injury would occur under the circumstances in this case, Robert Ohlinger, Administrator of the Estate of Lori Ohlinger, filed a personal injury action on behalf of his wife and a wrongful death action on behalf of himself and Ms. Ohlinger's two children against Comcorp ("the underlying action"). Consolidated with the Ohlinger suit was a personal injury action filed by Kaye Young, a co-employee who was also injured in the December 13, 1996 incident.
 {¶ 3} At the time of the incident, Comcorp had a policy of insurance issued by U.S. Fire which included "Commercial General Liability Coverage" ("CGL") and "Employer's Liability (Stop Gap) Coverage" ("Stop Gap"). U.S. Fire agreed to provide Comcorp a defense, but denied that it owed indemnity coverage to Comcorp. As a result of U.S. Fire's denial of coverage, Comcorp filed the instant action seeking declaratory judgment. The personal injury actions were stayed pending the outcome of this declaratory judgment action.
 {¶ 4} In this case, the parties filed cross-motions for summary judgment. The trial court held that "[t]he deceased employee's relatives can only appropriate the same rights the deceased employee might have had, whether `in liability' or `in coverage.'" As such, the trial court found that based on policy exclusions, U.S. Fire was not required to provide Comcorp indemnity coverage for "bodily injury" which was "substantially certain to occur." Additionally, in applying Trochelmanv. Cauffiel Machinery Corp. (Dec. 30, 1999), Lucas App. No. L-99-1098, the trial court held that U.S. Fire's policy was not "illusory" or "ambiguous". In so ruling, the trial court granted U.S. Fire's motion for summary judgment and denied Comcorp's motion.
 {¶ 5} Comcorp appeals the decision of the trial court and raises the following sole assignment of error:
 {¶ 6} "The trial court erred in denying the plaintiff/employer's motion for summary judgment and granting that of the defendant/insurance company regarding indemnity coverage for the claims of the deceased employee's family members under a `Stop Gap' policy for substantially certain/employment intentional torts."
 {¶ 7} Comcorp argues on appeal that "[t]he policy expressly allows for the related claims of employees' relatives" and that "there is no endorsement or other policy provision which holds that employees' relatives stand in the shoes of the employee for purposes of policy exclusion interpretation." Moreover, Comcorp asserts that if no coverage for related claims of employees' relatives is provided under the Stop Gap coverage, then such coverage would be illusory and U.S. Fire "would have acted fraudulently in charging a premium for providing nothing."
 {¶ 8} This court notes at the outset that in reviewing a motion for summary judgment, we must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127,129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, we note that the personal injury and wrongful death claims are clearly excluded under the CGL coverage portion of the policy. See CGL Policy Section I(2)(e), which states:
 {¶ 9} "2. Exclusions.
 {¶ 10} "This insurance does not apply to:
 {¶ 11} "* * *
 {¶ 12} "e. Employer's Liability
 {¶ 13} "(1) An `employee' of the insured arising out of and in the course of:
 {¶ 14} "(a) Employment by the insured; or
 {¶ 15} "(b) Performing duties related to the conduct of the insured's business; or
 {¶ 16} "(2) The spouse, child, parent, brother or sister of that `employee' as a consequence of paragraph (1) above. * * *"
 {¶ 17} Comcorp, however, asserts that indemnity coverage must be provided pursuant to the Stop Gap coverage portion of the policy, which provides in pertinent part:
 {¶ 18} "1. Insuring Agreement.
 {¶ 19} "a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' by accident or `bodily injury' by disease to any of your employees that arises out of and in the course of employment by you, provided such employee is reported and declared under the Workers Compensation Fund of the state designated in the Declarations. The `bodily injury' must take place in the `covered territory.' `Bodily injury' by accident must occur during the policy period. * * *
 {¶ 20} "We will have the right and duty to defend any `suit' seeking those damages.
 {¶ 21} "* * *
 {¶ 22} "b. Damages because of `bodily injury' to your employees, include damages:
 {¶ 23} "(1) For which you are liable to a third party by reason of a claim or `suit' against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;
 {¶ 24} "(2) For care and loss of services;
 {¶ 25} "(3) For consequential `bodily injury' to a spouse, child, parent, brother or sister of the injured employee;
 {¶ 26} "provided that these damages are the direct consequence of `bodily injury' that arises out of and in the course of the injured employee's employment by you; and
 {¶ 27} "(4) Because of `bodily injury' to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer."
 {¶ 28} The policy then sets forth a number of exclusions. As originally written, the policy provided that "This insurance does not apply to * * * (j) Any injury intentionally caused or aggravated by any insured[.]" However, the following endorsement was in effect which modified the exclusions applicable to the Stop Gap coverage as follows:
 {¶ 29} "Section 1, paragraph 2. Exclusions, subparagraph (j) is replaced by the following:
 {¶ 30} "j. `bodily injury' intentionally caused or aggravated by any insured, or `bodily injury' resulting from an act which is determined to have been committed by any insured with the belief that an injury is substantially certain to occur."
 {¶ 31} Comcorp argues that it is entitled to indemnity coverage under the Stop Gap portion of the policy because, in a number of other cases which had identical policy language, courts have held that the Stop Gap policy provided coverage for derivative consortium claims. See, e.g., Trochelman v. Cauffiel Machinery Corp. (Dec. 30, 1999), Lucas App. No. L-99-1098; State Auto Ins. Co. v. Golden (1998), 125 Ohio App.3d 674,678; Lakota v. Westfield Ins. Co. (1998), 132 Ohio App.3d 138, 143; andMeeker v. Bituminous Cas. Corp. (Feb. 5, 1999), Hamilton App. No. C-970977.
 {¶ 32} We agree that these cases held that the Stop Gap coverage policies at issue were not illusory because, in part, they provided coverage when "`relatives of an employee sue for the relatives' damages resulting from an injury to the employee.'" See, e.g., Trochelman, supra, citing, Golden, supra at 678; and Lakota, supra, citing, RoyalPaper Stock Co., Inc. v. Meridian Ins. Co. (1994), 94 Ohio App.3d 327,334. These holdings, however, did not circumvent the unambiguous policy language that excluded coverage for bodily injury resulting from an act which was determined to have been committed by any insured with the belief that an injury was substantially certain to occur. Rather, the courts held that "'[i]f the policy explicitly states that it excludes coverage for `direct intent' and `substantial certainty' intentional torts, then there is no coverage for damages caused by an employer intentional tort.'" Trochelman, citing Golden at 677.
 {¶ 33} In this case, the parties stipulated that the plaintiff in the underlying action solely alleged that Comcorp was liable for having acted "intentionally or recklessly or heedlessly or willfully or wantonly or knowingly with substantial certainty that injury was likely to occur." Therefore, based on the unambiguous policy language, we find that coverage for the claims in this case are excluded from coverage. Accord, Trochelman, supra.
 {¶ 34} Comcorp additionally argues that the policy language is ambiguous insofar as "the Stop Gap policy allows for the derivative consortium claims but is interpreted to exclude the survivorship claims leading to the death of the deceased employee." Based upon our prior holding in Trochelman, which held that an identical policy was neither ambiguous nor illusory, and based upon the policy language which excludes coverage under the facts in this case, we find Comcorp's argument not well-taken.
 {¶ 35} Comcorp also argues that the Stop Gap policy should not be given effect as a matter of public policy insofar as the coverage it provides is unclear. We find Comcorp's arguments to be unpersuasive.
 {¶ 36} Based on the foregoing, we find that no genuine issue of material fact exists and that U.S. Fire is entitled to summary judgment as a matter of law. Accordingly, Comcorp's sole assignment of error is found not well-taken. The judgment of the Fulton County Court of Common Pleas is therefore affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Richard W. Knepper,J., CONCUR.
[1] Comcorp initially filed suit against Crum Forster Insurance seeking a declaratory judgment. The policy of insurance, however, was actually issued by United States Fire Insurance Company. The parties agreed to substitute U.S. Fire, a shareholder of the Crum Forster Insurance Company, in place of Crum Forster Insurance. As such, U.S. Fire is proceeding as appellee in this action.